UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A PLACE FOR MOM, INC.,

    Plaintiff(s),

  v.

PATRICIA GRACE, et al.,

    Defendant(s).

NO. C06-470

ORDER ON REQUEST FOR PROTECTIVE ORDER

The following Minute Order is made by direction of the Court, the Honorable Marsha J. Pechman, United States District Judge:

(1) The Court declines to sign the proposed protective order, Dkt No. 11. The Court will not sign stipulated protective orders to authorize documents to be filed under seal simply based on the fact that they were marked by the parties as confidential in the course of discovery. "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Rule CR 5(g)(1). The parties have not made a compelling showing that the public and the parties' interests in protecting the documents marked "confidential" from public review outweigh the public's right of access.

Parties seeking an order to seal any documents must provide a specific description of particular documents or categories of documents they seek to protect and "*a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access.*" Local Rule CR 5(g)(2) (emphasis added). The facts supporting any motion to seal must be provided by declaration or

ORD ON REQUEST FOR
PROTECTIVE ORDER - 1

1 affidavit. To obtain a court order sealing documents attached to a non-dispositive motion, the parties must make a particularized showing under the "good cause" standard of FED. R. CIV. P. 26(c). See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). To obtain a court order sealing documents attached to a dispositive motion, such as a summary judgment motion, the parties must meet a "compelling reasons" standard and not the lesser "good cause" standard. Id. at 1177-79; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

The parties may agree on confidentiality among themselves, but when they ask that the Court be involved, they must make the requisite showing. The stipulated protective order received by the Court does not make sufficiently clear that the parties cannot seal any court filings in this matter absent a motion to do so which is granted by the Court. The stipulated protective order will remain on the docket, but will not be signed and entered by the Court in its present form.

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated:   December 6, 2006

Marsha J. Pechman
U.S. District Judge

ORD ON REQUEST FOR
PROTECTIVE ORDER - 2